IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS R., <br><br> Claimant, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Respondent. | No. 19 C 7435 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM ORDER

This matter is before the Court on Claimant's Motion for Attorney's Fees Under 42 U.S.C. 406(b) ("Motion") [ECF No. 27]. For the reasons stated below, the Motion is granted.

On July 7, 2020, the Court remanded this case to the Social Security Administration for further proceedings. *See* [ECF No. 21]. After remand, Claimant was found to be disabled as of July 11, 2016. *See* [ECF No. 27], Exhibit B, at 2. On July 31, 2021, the Social Security Administration issued its Notice of Award, which stated, among other things, that it was withholding $14,800.75 from Claimant's past-due benefits for payment of Claimant's attorney's fees. *See* [ECF No. 27], Exhibit B, at 3. On October 27, 2022, Claimant's counsel filed the present Motion seeking an attorney's fee award of $14,800.75. *See* [ECF No. 27]. The Commissioner filed a response, and counsel for Claimant filed a reply. *See* [ECF Nos. 29, 34]. This matter is fully briefed and ripe for decision.

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level as well as representation in federal court. *See* 42 U.S.C § 406(a) and (b); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Under section 406(b), a district court may award a reasonable fee to the attorney who successfully has represented a claimant in federal court, not to exceed twenty-five percent of any past-due benefits awarded to the claimant. *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court noted that contingent-fee arrangements might be unreasonable if, for example: (1) the character of and results achieved from attorney representation do not justify the amount; (2) the attorney is responsible for delay such

that he or she would profit from the accumulation of benefits; or (3) the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

In its response brief, the Commissioner pointed out that counsel had filed this Motion almost 15 months after Claimant had been awarded benefits. Commissioner's Response [ECF No. 29], at 2. The Commissioner raised the question whether there should be a reduction in the attorney fee awarded given that delay. Commissioner's Response [ECF No. 29], at 2. "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). It is within the Court's discretion to consider whether any delay prejudiced a claimant given the delayed retrieval of the Equal Access to Justice Act ("EAJA") refund. *See, e.g., McEntire v. Kijakazi*, 2022 WL 2829769, at *2 (S.D. Ind. July 20, 2022) (finding that counsel's § 406(b) request "warrants a reduction of fifteen percent to reflect the financial injury he caused his client by his significantly delayed retrieval of his EAJA refund").

In this case, the Court finds that counsel's request for $14,800.75 in attorney fees is reasonable and there is no reason to reduce the amount requested. The Court recognizes the Motion was filed almost 15 months after Claimant received his Notice of Award. Unlike the case cited by the Commissioner, however, there is nothing in this record to indicate counsel had received any letter or final warning from the Social Security Administration to file his petition for attorney fees. Claimant's Reply [ECF No. 34], at 2. In the Court's view, counsel's efforts resulted in a positive result for Claimant. Counsel did not delay in pursuing benefits for his client, and the benefits obtained for Claimant in this case were substantial. Therefore, a reduction of the attorney fee award is not justified. The Court acknowledges that a 15-month delay in applying for fees probably is close to the outer time limits of reasonableness. In the Court's discretion, however, it does not cross the line under the circumstances of this case. In the future, however, the Court admonishes counsel to file his petition for attorney fees in a more timely fashion.

As to the reasonableness of the amount requested which is $14,800.75, the Commissioner did not take any position. The Court notes that 25 % of the past-due benefits awarded is consistent with the terms of the contingency arrangement set forth the Retainer Agreement between counsel and Claimant. *See* [ECF No. 27], Exhibit A. Counsel states that he spent 30.2 hours representing Claimant in federal court. *See* [ECF No. 34], at 4 (Itemization of Attorney Time). Although a lodestar calculation is not determinative under *Gisbrecht*, the lodestar in this case results in an hourly rate of $490.09. Such an hourly rate is reasonable given the contingent nature of this case and is consistent with other effective rates awarded by other district courts in the Northern District and the Seventh Circuit . *See, e.g., Osmun v. Comm'r of Soc. Sec.*, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083

(E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). It also is well below other effective rates awarded by other courts.[1] In the Court's view, counsel obtained a substantial benefit for his client in the past-due benefits awarded as well as future benefits to be collected. The effective hourly rate for the time counsel spent pursuing this case is not a windfall based on the work performed, the result achieved, the attorney time spent in the litigation, and the attorney fees awarded in similar cases.

For these reasons, the Court finds that an award of $14,800.75 is reasonable, and Claimant's Motion for Attorney's Fees Under 42 U.S.C. 406(b) [ECF No. 27] is granted. The Social Security Administration shall issue payment directly to counsel in the amount of $14,800.75, and counsel shall refund to Claimant the $6,000.00 EAJA fee award counsel previously received.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 12, 2023

---

[1] *See, e.g., Evans v. Saul*, Case No. 16 C 4962 (N.D. Ill. July 12, 2019) (awarding an effective hourly rate of $1,492.21); *Zambrano v. Berryhill*, Case No. 14 C 0048 (N.D. Ill. May 30, 2017) (awarding $1,232.00 per hour); *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017) (awarding $1,612.28 per hour); *Smith v. Colvin*, Case No. 14 C 3923 (N.D. Ill. Dec. 21, 2016) ($1,437 per hour); *Newman v. Colvin*, No. Case No. 13 C 6942 (N.D. Ill. Oct. 28, 2015) ($1,430.00 per hour).